IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01010-PAB-MEH

WANDA Y. EVANS,

    Plaintiff,

v.

CONNOR SHELLABARGER, City of Aurora Officer, in his individual capacity,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on Qualified Immunity Ground [Docket No. 16]. Plaintiff filed a response, Docket No. 22, and defendant filed a reply. Docket No. 23. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

On April 4, 2022, at approximately 1:45 p.m., plaintiff Wanda Y. Evans was driving her car eastbound on E. Alameda Avenue in Arapahoe County, Colorado. Docket No. 1 at 2, ¶ 5. At the same time, defendant Connor Shellabarger, an officer with the Aurora Police Department, was driving his police vehicle southbound on S. Peoria Street in Arapahoe County, Colorado. *Id.*, ¶ 6. As Officer Shellabarger approached E. Alameda Avenue, there was substantial vehicle traffic with multiple cars

---

[1] The facts below are taken from plaintiff's complaint, Docket No. 1, and are presumed to be true, unless otherwise noted, for purposes of ruling on defendant's motion to dismiss.

traveling through the intersection.  *Id.*, ¶ 7.  The traffic signal at the intersection was red.  *Id.*, ¶ 8.  Officer Shellabarger saw the traffic, saw the red light, and ignored both, instead "reckless [sic] proceeding causing Plaintiff to crash into the rear passenger side of Defendant's police vehicle."  *Id.* at 3, ¶ 9.  Officer Brooke Mourey of the Aurora Police Department investigated the collision and cited Officer Shellabarger for causing it.  *Id.*, ¶ 10.  Ms. Evans suffered injuries including a neck strain, contusion of her abdominal wall, traumatic brain injury, post-traumatic headaches, thoracic strain, lumbar strain with radiculopathy, and first-degree burns to her arm.  *Id.*, ¶ 11.

On April 16, 2024, Ms. Evans filed her complaint with this Court alleging under 42 U.S.C. § 1983 that Officer Shellabarger's conduct violated her Fourteenth Amendment rights.  *Id.* at 3-4, ¶¶ 12-18.  In his motion to dismiss, Officer Shellabarger invokes qualified immunity.  Docket No. 16 at 1.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting

*Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

### B. Qualified Immunity

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  A court should resolve questions of qualified immunity at the earliest possible stage of litigation.  *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).  However, a plaintiff facing a qualified

immunity challenge still does not have a heightened pleading standard. *Currier v. Doran*, 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)). When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

A constitutional right is clearly established if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Surat v. Klamser*, 52 F.4th 1261, 1276 (10th Cir. 2022). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth

4

Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Torres v. Madrid*, 60 F.4th 596, 603 (10th Cir. 2023); *see also Irizarry v. Yehia*, 38 F.4th 1282, 1293 (10th Cir. 2022). The relevant precedent is "considered on point if it involves *materially similar conduct* or applies with *obvious clarity* to the conduct at issue." *Yehia*, 38 F.4th at 1294 (emphasis in original); *see also Shepherd v. Robbins*, 55 F.4th 810, 815 (10th Cir. 2022). "To be clear, we do not require plaintiffs to engage in a scavenger hunt for a prior case with identical facts. We ask whether the existing law provides fair warning to a defendant." *Shepherd*, 55 F.4th at 815 (citations omitted). "When the public official's conduct is egregious, even a general precedent would apply with obvious clarity." *Yehia*, 38 F.4th at 1294 (quoting *Lowe v. Raemisch*, 864 F.3d 1205, 1210 (10th Cir. 2017)); *see also Surat*, 52 F.4th at 1276 (noting that "there can be the rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances").

### III.  ANALYSIS

Officer Shellabarger argues that he is entitled to qualified immunity because the facts in Ms. Evans' complaint fail to allege a violation of a clearly established constitutional right. Docket No. 16 at 5-11. Ms. Evans responds that Officer Shellabarger violated her constitutional rights by acting with conscience-shocking deliberate indifference when he drove into the intersection, Docket No. 22 at 3-4, and that the unlawfulness of Officer Shellabarger's conduct had been clearly established well before the time of the accident. *Id*. at 4-8.

5

A. **Violation of a Constitutional Right**

Ms. Evans must allege that Officer Shellabarger's actions violated a federal constitutional or statutory right. *T.D.*, 868 F.3d at 1220. Here, Ms. Evans alleges a violation of her Fourteenth Amendment rights to life, liberty, and personal security. Docket No. 1 at 3, ¶ 13.

The Due Process Clause of the Fourteenth Amendment has a substantive component which bars "certain government actions regardless of the fairness of the procedures used to implement them." *Perez v. Unified Gov't of Wyandotte Cnty.*, 432 F.3d 1163, 1166 (10th Cir. 2005) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998)). "Substantive due process protects individuals against 'arbitrary action of government' that deprives a citizen of life, liberty or property 'whether the fault lies in a denial of fundamental procedural fairness. . . or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective.'" *Id.* at 1166 (quoting *Lewis*, 523 U.S. at 845-46).

Suffering serious injuries in a car accident can constitute a substantial impairment of the fundamental right to life. *Browder v. City of Albuquerque*, 787 F.3d 1076, 1080 (10th Cir. 2015). Still, the Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *Perez*, 432 F.3d at 1166 (quoting *Lewis*, 523 U.S. at 848). Although Ms. Evans may have alleged a substantial impairment of her fundamental right to life, Docket No. 1 at 3, ¶ 11, she must also allege that this impairment occurred as a result of government conduct that "shocks the conscience." *Perez*, 432 F.3d at 1166 (quoting *Lewis*, 523 U.S. at 848).

6

In the context of an automobile accident involving a government vehicle, the applicable legal standard for whether the government official's behavior "shocks the conscience" turns on whether the official faced a situation "calling for fast action," where decisions must be made "in haste, under pressure, and frequently without the luxury of a second chance." *Id.* at 1167. In these situations, liability depends on whether the official acted with an intent to harm the victim. *Id.* at 1166-67 (quoting *Lewis*, 523 U.S. at 853).

When the official has time to deliberate, however, the question is whether the official acted with deliberate indifference. Having a few seconds to think is insufficient on its own to trigger the deliberate indifference standard. *Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232, 1237 (10th Cir. 2022). Instead, there must be time for unhurried judgments and repeated reflection, as well as the opportunity for attention without the substantial "pulls of competing obligations." *Id.* In these situations, the deliberate indifference standard is one of "conscious, deliberate indifference to an extreme risk of very serious harm to the plaintiff." *Green v. Post*, 574 F.3d 1294, 1303 (10th Cir. 2009). The Tenth Circuit has alternatively described this standard as "conscious contempt of the lives of others . . . a form of reckless indifference to a fundamental right." *Browder*, 787 F.3d at 1081. In *Browder*, the Tenth Circuit held that, where a police officer speeds and drives through red lights in a non-emergency situation, a reasonable jury can infer deliberate indifference to the lives of other motorists. *Id.*

The Court finds that Ms. Evans has not pled sufficient facts to determine which of the two standards applies. The complaint lacks any allegations as to whether Officer Shellabarger was or was not responding to an emergency and whether or not he had

7

any time to deliberate.  *Cf. Browder*, 787 F.3d at 1082 (rejecting the defendant police officer's assertions he was pursuing a suspect at the time of the crash, since the complaint had explicitly asserted that the officer was not engaged in any official business).  Even if the Court assumes that the lower of the two standards – deliberate indifference – applies, Ms. Evans fails to offer any allegations of outrageous or conscience-shocking behavior by Officer Shellabarger.  Ms. Evans offers only the conclusory allegation of Officer Shellabarger's "reckless proceeding" causing the accident.  Docket No. 1 at 3.  Unlike in *Green* and *Browder*, Ms. Evans does not allege that Officer Shellabarger was speeding, nor does she assert that Officer Shellabarger engaged in a series of consecutive traffic violations.  Therefore, the Court finds that Ms. Evans has failed to plead sufficient facts to allege a violation of her Fourteenth Amendment rights.  The Court will therefore grant Officer Shellabarger's motion to dismiss.

### B. **Whether the Right Violated was Clearly Established**

Even if the Court were to assume there was a constitutional violation, the right violated must have been clearly established at the time of the defendant's unlawful conduct.  *T.D.*, 868 F.3d at 1220.  "In deciding the clearly established law question this court employs a sliding scale under which the more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation."  *Browder*, 787 F.3d at 1082 (citations and internal quotations omitted).  The court in *Browder* noted that the Tenth Circuit had first warned in 1996 that an officer could be liable under the Fourteenth Amendment for speeding at 60 miles per hour on surface streets in a non-emergency scenario.  *Id.* at 1083 (citing *Williams v. City and Cnty. of Denver*, 99 F.3d 1009 (10th Cir. 1996), *vacated*, 140 F.3d

8

855 (10th Cir. 1997)).  Additionally, the Tenth Circuit established as of 2006 that an officer could be liable under the Fourteenth Amendment for driving in a manner exhibiting "a conscience-shocking deliberate indifference" to the lives of others.  *Id.* (quoting *Green*, 574 F.3d at 1306.)

Here, the complaint contains no allegations about how fast Officer Shellabarger was driving or whether he had driven through other red lights.  In the absence of allegations to that effect, the Court finds that Ms. Evans has not alleged that the present case bears a similarity to any Supreme Court or Tenth Circuit cases where courts have found a police officer's driving to constitute deliberate indifference.

### C. Leave to Amend Complaint

Ms. Evans requests that, if the Court grants Officer Shellabarger's motion to dismiss, she be granted leave to amend her complaint and cure any deficiencies.  Docket No. 22 at 7.  "Merely suggesting [s]he should be allowed to amend if the judge concludes [her] pleadings are deficient is insufficient" for a plaintiff to be entitled to amend a complaint.  *Requena v. Roberts*, 893 F.3d 1195, 1204 n.3 (10th Cir. 2018) (internal quotations omitted) (quoting *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010)); *see also* D.C.COLO.LCivR 7.1(d) (a "motion shall be filed as a separate document").  Ms. Evans must, instead, "file[] a written motion for leave to amend, giving adequate notice of the basis of the proposed amendment," *Requena*, 893 F.3d at 1204 n.3 (citation omitted), and must attach to her motion a copy of her proposed amended pleading.  D.C.COLO.LCivR 15.1(b).  Despite Ms. Evans not following the proper procedures, the Court will give her an opportunity to file a motion for leave to amend.

9

IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on Qualified Immunity Ground [Docket No. 16] is **GRANTED**. It is further

**ORDERED** that plaintiff's Complaint and Jury Demand [Docket No. 1] is **DISMISSED without prejudice**. It is further

**ORDERED** that, on or before **April 10, 2025**, plaintiff may file a motion to amend the complaint.

DATED March 20, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge