IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01010-PAB-CYC

WANDA Y. EVANS,

    Plaintiff,

v.

CONNOR SHELLABARGER, City of Aurora Officer, in his individual capacity,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 33]. In the recommendation, the assigned magistrate judge recommends that plaintiff Wanda Y. Evans's motion for leave to amend her complaint be denied. Docket No. 33 at 1. Ms. Evans filed an objection. Docket No. 34. Defendant Connor Shellabarger filed a response. Docket No. 35. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The Court's March 20, 2025 order reviews the allegations of the original complaint. Docket No. 26 at 1-2. This case arises out of an April 4, 2022 automobile collision in which Officer Shellabarger, an officer with the Aurora Police Department, drove through a red-light at an intersection and struck Ms. Evans's car, injuring her. *See* Docket No. 1 at 2-3, ¶¶ 5-11.

Ms. Evans brought a complaint under 42 U.S.C. § 1983 alleging that Officer Shellabarger's conduct violated her Fourteenth Amendment rights. *Id.* at 3-4, ¶¶ 12-18. Officer Shellabarger filed a motion to dismiss and invoked qualified immunity. Docket No. 16 at 1. The Court granted Officer Shellabarger's motion to dismiss the original complaint. *See* Docket No. 26. The Court explained that, in the context of an automobile accident involving a government vehicle, a claim for a violation of the Fourteenth Amendment depends on a finding that the official's behavior "shocks the conscience." *Id.* at 6-7 (citing *Perez v. Unified Gov't of Wyandotte Cnty.*, 432 F.3d 1163, 1166-67 (10th Cir. 2005); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848, 853 (1998)). Whether the behavior "shocks the conscience" in turn depends on the circumstances facing the official driving the government vehicle. *Id.* When an official faces a situation "calling for fast action," where decisions must be made "in haste, under pressure, and frequently without the luxury of a second chance," liability depends on whether the official acted with an intent to harm the victim. *Id.* at 7 (citing *Perez*, 432 F.3d at 1166-67). When the official has time to deliberate, however, the question is whether the official acted with deliberate indifference. *Id*.

The Court found that Ms. Evans had failed to plead sufficient facts for the Court to determine which of the two frameworks – intent to harm or deliberate indifference – applied, but that her claim failed under both analyses. *Id.* at 7-8.

Ms. Evans attaches a proposed amended complaint to her motion seeking leave to amend. *See* Docket No. 29-1. The proposed amended complaint adds two allegations to the complaint:

> 10. While Defendant was responding to an emergency call, prior to entering the intersection in violation of the red light, Defendant had more than several

2

seconds to contemplate his actions, but was without concern that it was safe to proceed, failing to account for the traffic in the intersection and thereby causing the collision.

11. As found by investigating police officer Brooke Mourey in her narrative report, Defendant did not clear the intersection for eastbound traffic, and failed to ensure eastbound traffic could see him approaching allowing enough time for the average person to respond to emergency light.

*Id.* at 3.[1] The magistrate judge found that these allegations were insufficient to survive a motion to dismiss and thus denied the motion for leave to amend based on the futility of the amendment. Docket No. 33 at 2-6.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R.

---

[1] The proposed amended complaint also changes the work "reckless" to "deliberate." *Compare* Docket No. 29-1 at 4, ¶ 17, *with* Docket No. 1 at 3, ¶ 15. This change is immaterial, and the Court does not address it further.

3

Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

### III. ANALYSIS

Ms. Evans objects to the recommendation on three grounds. Docket No. 34 at 4-5. The first objection argues that the Court's review of the magistrate judge's recommendation should be de novo. *Id.* at 4-8. As noted in the "Legal Standard" section of this order, the Court reviews de novo any portion of the magistrate judge's recommendation to which a party makes a timely and specific objection.

Ms. Evans's other two objections both relate to the magistrate judge's analysis of her claim and the proposed amendment. *Id.* at 8-13. The Court agrees with the magistrate judge's analysis. The proposed amendment to the complaint alleges that Officer Shellabarger was responding to an emergency call at the time of the accident. Docket No. 29-1 at 3-6. Thus, Ms. Evans must allege that the defendant acted with intent to harm her. *See Perez*, 432 F.3d at 1166-67 (quoting *Lewis*, 523 U.S. at 853). Ms. Evans resists this requirement, arguing that it is possible that the less stringent "deliberate indifference" standard can apply to an officer's action even in the context of an emergency call. Docket No. 34 at 10-12. For this argument, Ms. Evans relies on the Tenth Circuit's holding in *Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232, 1237 (10th Cir. 2022). *Id.* at 12. There, the Tenth Circuit stated that "[t]here may be police-chase cases in which the deliberate-indifference standard applies – and we do not rule out the possibility – but we are aware of none." *Mahdi*, 54 F.4th at 1237.

Ms. Evans's argument ignores the last clause of the quote from *Mahdi*: "but we are aware of none." Even if the Court were to assume that the facts alleged by Ms.

4

Evans constitute the kind of case in which the deliberate indifference standard applies in an emergency situation, the language of *Madhi* makes clear that there is no clearly established law on this point.  Thus, qualified immunity would still bar the claim against Officer Shellabarger.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); *Torres v. Madrid*, 60 F.4th 596, 603 (10th Cir. 2023) ("Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.").  The Court therefore agrees with the magistrate judge that amendment of the complaint would be futile.  The Court will overrule the objection and will accept the magistrate judge's recommendation.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that on the Recommendation of United States Magistrate Judge [Docket No. 33] is **ACCEPTED**.  It is further

**ORDERED** that plaintiff's Objection to Magistrate Judge's Recommendation Denying Leave to Amend Complaint [Docket No. 34] is **OVERRULED**.  It is further

**ORDERED** that Plaintiff Wanda Evans' Motion for Leave to Amend Complaint [Docket No. 29] is **DENIED**.  It is further

**ORDERED** that this case is closed.

DATED February 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge